IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN GUZMAN, | : | |
|     Petitioner | : | |
| | : | No. 1:20-cv-738 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN DOUGLAS K. WHITE, | : | |
|     Respondent | : | |

**MEMORANDUM**

**I.    BACKGROUND**

On May 5, 2020, *pro se* Petitioner Edwin Guzman ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner paid the requisite $5.00 filing fee on May 27, 2020.

In February 2018, a jury serving the United States District Court for the District of Massachusetts convicted Petitioner of a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). *See United States v. Guzman*, No. 15-10338-7-FDS, 2020 WL 1974332, at *1 (D. Mass. Apr. 24, 2020). His conviction was based upon his "leadership role in a local chapter of MS-13, a violent transnational criminal organization that promotes the assault and murder of its rivals." *Id.* Petitioner was sentenced to a 192-month term of imprisonment. *Id.* His appeal to the United States Court of Appeals to the First Circuit is pending disposition. *Id.*

In his § 2241 petition, Petitioner asserts that the Bureau of Prisons ("BOP")'s "interpretation that conspiracy to conduct enterprise affairs, [in] violation of 18 U.S.C. § 1962(d)[,] is a crime of violence warranting a [Public Safety Factor ("PSF")] and greater severity offense level is [not] consistent [with] the law." (Doc. No. 1 at 2.) According to Petitioner, this determination is inconsistent with the law following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*Id.* at 7.) In *Davis*, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B), which sets forth penalties for those found guilty of using or carrying a firearm during crimes of violence and drug trafficking crimes, was unconstitutionally vague. 139 S. Ct. at 2336. Petitioner maintains that he did not commit a crime of violence, nor was he involved [in] any attempted murders, [assaults] or any other matters [that] would warrant classification with a PSF of Greatest Severity or a Greatest Offense Severity scoring by any interpretation." (Doc. No. 1 at 14.) Petitioner also seeks review of the BOP's decision pursuant to the Administrative Procedures Act ("APA"), claiming that officials have not acted in accordance with law. (*Id.* at 11-12.) Petitioner's exhibits suggest that the application of the PSF has prevented him from being transferred to a federal prison camp. (*Id.* at 30.) As relief, Petitioner requests that the Court conclude that his "offense of conviction is not a crime of violence that should warrant a PSF of greater security and offense severity scoring." (*Id.* at 8.)

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal prisoner may challenge the fact, duration, or execution of his sentence in a petition for a writ of habeas corpus pursuant to § 2241. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). Generally, a challenge to the "fact" of a sentence is an inquiry into the legality of the detention, and relief for unlawful detention is discharge from detention. *See Leamer v. Fauver*, 288 F.3d 532, 540-41 (3d Cir. 2002). The "heart of habeas corpus" is immediate or speedier release from confinement. *Id.* at 541. Examples of habeas claims involving the duration of confinement include parole challenges, loss of good-time credits, and incorrect sentence calculations. *See Wragg v. Ortiz,* No. 20-5496 (RMB), 2020 WL 2745247, at *14 (D.N.J. May 27, 2020) (citing cases).

With respect to claims regarding the execution of a sentence, the United States Court of Appeals for the Third Circuit has noted that "the precise meaning of execution of the sentence is hazy." *Woodall*, 432 F.3d at 243. To discern its meaning, the Third Circuit considered "the plain meaning of the term . . . which is to 'put into effect' or 'carry out.'" *Id.* (quoting Webster's Third New Int'l Dictionary 794 (1993)). In *Woodall*, the Third Circuit concluded that the petitioner was challenging the execution of his sentence, and therefore could proceed under § 2241, because decisions regarding placement in community correctional centers ("CCC") "are part of the phase of the corrects process focused on reintegrating an inmate into society." *Id.* The Third Circuit concluded that Woodall's claim was distinguishable from "garden variety prison transfers" because "CCCs satisfy different goals from other types of confinement." *Id.* Subsequently, the Third Circuit considered whether a petitioner's referral to the Special Management Unit ("SMU") raised a claim challenging the execution of his sentence such that he could proceed under § 2241. *See Cardona v. Bledsoe*, 681 F.3d 533, 534 (3d Cir. 2012). The Third Circuit conclude that Cardona's "claims do not concern the execution of his sentence because the BOP's conduct is not inconsistent with his sentencing judgment." *Id.* at 537.

As noted above, Petitioner challenges the BOP's application of the "greatest severity" PSF to his file, arguing that in light of the Supreme Court's decision in

*Davis*, such application is "inconsistent with the law." (Doc. No. 1 at 6-7.) Petitioner's exhibits suggest that the application of the PSF has prevented him from being transferred to a federal prison camp. (*Id.* at 30.) A PSF "is relevant factual information regarding the inmate's current offense, sentence, criminal history, or institutional behavior that requires additional security measures to be employed to ensure the safety and protection of the public." *Merchenthaler v. United States*, No. 4:19-cv-471, 2020 WL 1244471, at *1 (M.D. Pa. Mar. 16, 2020). The Third Circuit, however, has concluded that "claims concerning the determination of . . . custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition." *Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (quoting *Leamer*, 288 F.3d at 542-44). Petitioner has no "due process right to any particular security classification" and "federal habeas relief is unavailable" to him for this claim. *See Marti v. Nash*, 227 F. App'x 148, 150 (3d Cir. 2007) (rejecting petitioner's claim that "the assignment of the public safety factor 'greatest severity' [was] erroneous and . . . prevented him from being placed at a minimum security level"); *see also Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (concluding that claims challenging the assignment of a PSF were not cognizable under § 2241 because they do not challenge the fact, duration, or execution of a sentence); *Hribick v. Warden Fort Dix FCI*, 695 F. App'x 25, 26 (3d Cir. 2017) (concluding same); *Bloom v. United States*, No. 19-21982 (RMB), 2020 WL 410163, at *1 (D.N.J. Jan.

24, 2020) (noting that "[c]hallenges to custody classification, such as the designation of a public safety factor do not affect the fact or length of incarceration and are not cognizable under § 2241"); *Woods v. Strada*, No. , 2013 WL 101610, at *2 (M.D. Pa. Jan. 8, 2013) (claims concerning custody classification were not cognizable under § 2241).

Petitioner's reliance on the Supreme Court's decision in *Davis* does not change this result. As noted above, the *Davis* Court concluded that the residual clause of § 924(c)(3)(B) was unconstitutionally vague under due process principles. The Third Circuit, however, has noted that "being classified with a [Public Safety Factor] . . . and its resulting consequences of disqualification for certain programs" does not implicate an inmate's due process liberty interest. *See Becerra v. Miner*, 248 F. App'x 368, 370 (3d Cir. 2007). Petitioner has not cited, and the Court has not located, any case suggesting that inmates now have a due process right in avoiding being classified with a PSF after *Davis*. *Cf. Marti*, 227 F. App'x at 150 (concluding that petitioner could not assert a Sixth Amendment violation "on the ground that the facts relied upon by the BOP in determining his classification pertain to a charge to which he did not plead guilty"). Thus, summary dismissal of Petitioner's § 2241 petition is appropriate.

Petitioner also seeks review of the BOP's decision under the APA, alleging that the BOP abused its discretion in applying the PSF. (Doc. No. 1 at 8, 11-12, 14-

15.) The APA provides that "to the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706. Specifically, a district court "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(A). "To support APA jurisdiction, the agency action must be final, it must adversely affect the party seeking review, and it must be non-discretionary." *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005).

Review under the APA, however, is limited. A cause of action under the APA does not exist when "statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Under 18 U.S.C. § 3625, Congress "excluded inmate designations and transfers from those agency actions that are subject to judicial review under Subsection 706(2)(A) of the APA." *Burnam v. Marberry*, No. 07-97 Erie, 2008 WL 4190785, at *7 (W.D. Pa. Sept. 10, 2008), *aff'd*, 313 F. App'x 455 (3d Cir. 2009); *see* 18 U.S.C. § 3625 ("The provisions of . . . 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621-26]."); *see also Godoy v. Zickefoose*, No. 11-3754 (NLH), 2012 WL 2594347, at *3 (D.N.J. July 5, 2012) (citing § 3625 and *Burnam* for the conclusion that "the BOP's decision to assign a PSF is not subject to judicial review under the APA"). Accordingly, the

BOP's "decision to assign [Petitioner] the PSF of 'Greatest Severity' was made pursuant to its discretionary responsibilities regarding the designation of an inmate's place of imprisonment, and any subsequent transfers, bestowed on it under 18 U.S.C. § 3621(b)," and this Court is precluded from reviewing that determination. *See Burnam*, 2008 WL 4190785, at *7.

### III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: June 2, 2020